Dear Representative Broome:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Does Louisiana law entitle Cingular to recover from the Bossier Parish Communications District the costs associated with E911 enhancements provided in Bossier Parish by Cingular?
After reviewing your opinion request and pertinent state statutes which apply to the Bossier Parish Communications District we believe the answer is "yes."
The initial statute which created the Bossier Parish Communication District in 1997 was La.R.S. 33:9131.6 (also known as Acts 1997, No. 758). This statute was repealed on July 9, 1999, by Act No. 1029. Act No. 1029 also added La.R.S. 33:9109 which now governs additional service charges on wireless telecommunications service. This was added in response to the Federal Communications Commission (FCC) issuing rulings requiring suppliers of cellular and other forms of wireless communications services capable of accessing the 911 emergency telephone number to provide certain enhancements to their services when requested by a communications district. Additionally, the FCC rulings require that a mechanism be established which will enable wireless service providers and communication districts to recover all costs associated with providing the enhanced service.
Section 9109 provides for a service charge on wireless emergency telephone service enhancements which allow service users to access the emergency 911 system. In turn, Section 9109 (D) delineates how the proceeds from the collection of service charges can be used. It specifically states that the proceeds are to be used for payment of service suppliers' and the communication district's costs associated with the implementation of the enhancements required by the FCC. Also, in Section 9109(D) is the requirement that prior to a district making a payment of service suppliers' costs associated with Phase I enhancements there is to be a cooperative endeavor agreement between the district and the supplier delimiting the cost of implementation to be recovered by the service supplier.
According to La.R.S. 33:9109(D)(a)(iii), once the district determines that the net proceeds from the service charge remitted to the district are sufficient to implement wireless E911 service by the district and all service suppliers providing service within the district, the districtshall request that each such service supplier implement such enhancements and shall provide funds to each such service supplier in accordance with the applicable agreement. (Emphasis added). This statute goes on to state that in districts having a population of more than thirty thousand, "such enhancements shall be completed by the district and all service suppliers providing service within the district within one year
of the initial levy of the service charge authorized by this Section." (Emphasis added).
Further, in Section 9109 (D)(a)(iv), if a district fails to begin implementation of wireless E911 service within the time limits for full implementation, the service supplier shall immediately cease collecting the service charge.
In the case of the Bossier Communication District, when La.R.S. 33:9131.6
was repealed the Bossier District was then governed by La.R.S. 33:9109. The new statute requires the Bossier Communication District to enter into a cooperative endeavor agreement with its service suppliers and to determine the recovery costs of each supplier. Once the net service charge collected is sufficient to pay for the enhancements and the recovery costs of each service supplier, the enhancements are to be completed within one year of the initial levy of the service charge.
Therefore, once Cingular and the Bossier Communication District have a cooperative endeavor agreement in place, the cost of implementation of the enhancements by Cingular can be determined. These costs are to be paid from the net proceeds of the service charge which has been paid by service users.
We trust this answers your question. However, if you need anything further do not hesitate to contact this office.
With kindest regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP:sc
DATE RECEIVED: June 19, 2002 B.R. DATE RECEIVED: June 28, 2002 SH
DATE RELEASED: August 14, 2002